◼ In the Matter of the Estate of PATSY B. RUSSELLO, Deceased. VINCENT RUSSELLO, Appellant; ANNETTE VISCONTI, Respondent. — Decree, Surrogate's

Court, New York County, entered September 7, 1972, dismissing petition, reversed on the law and on the facts, and the petition granted, with one bill of $60 costs and disbursements to all parties submitting briefs payable out of the estate. Petitioner is the executor of Patsy B. Russello, deceased. Some two years prior to his death, deceased sent a signed check, blank as to date and amount, to his sister, the respondent in this proceeding. After learning of his death, respondent ascertained the amount of the balance in the account, filled in the check accordingly, and obtained the funds. By this proceeding petitioner seeks to have the funds turned over to him as executor. Concededly this was not a bequest and, if an intended gift, it failed for lack of delivery during the deceased's lifetime. The learned Surrogate denied the application on the ground that the funds represented payment for services rendered to the deceased by respondent. Though recognizing certain procedural difficulties, the court took this means to effectuate the payment. We would have no qualms about countenancing the Surrogate's procedure provided the record established a proper basis for the underlying finding. Here there was no basis for a finding that respondent and decedent ever entered into any agreement, or that she performed any services at his request under circumstances indicating that there was an intention that the services were to be paid for. Without going into the details, all of the facts indicate that the deceased never intended to hire respondent, and any services that may have been performed by respondent (the nature, extent and value of which remain almost entirely conjectural) were performed gratuitously. The delivery of the check was accompanied by a letter which was not produced, and the delivery consequently remains unexplained by any satisfactory evidence. Concur —Lane, Steuer and Tilzer, JJ.; Nunez, J. P., and Kupferman, J., dissent and vote to affirm on the opinion of Surrogate Midonick.